WASHINGTON,
March,
1836.

WINOOSKIE TURNPIKE COMPANY *vs.* SAMUEL RIDLEY, Jr.

An alteration of a deposition, by the magistrate taking it, after it is signed and sworn to, and without the assent of the deponent, if it be in any sense material, vitiates the deposition, and it is no longer admissible as evidence.

This was an action of trespass for burning the plaintiff's bridge over Onion River at Waterbury.

In the county court, the defendant, in support of the issue on his part, offered the deposition of Dan Corss, taken at Waterbury on the 24th day of March, 1835, before Wm. W. Wells, Esq., justice of the peace within and for said county of Washington.

The plaintiffs objected to the admission of said deposition, upon the ground that it had been *altered* by the justice, after it was taken, read over to the said Dan Corss, and sworn to by him, and after he had left Waterbury without the knowledge or consent of the said Corss. The plaintiffs proved, by Henry F. Janes, that he was present when said deposition was taken, as counsel for the plaintiffs : that the said Corss testified that on the Sunday evening before Moses French left Hawley's, where he was then living, he, the said Corss, had a conversation with said French *on* the bridge between Waterbury and Duxbury, and that said justice Wells so wrote said deposition ; and that said Janes further testified, that after said deposition was sworn to, and after said Corss had left town, he called on said justice and copied said deposition, and that it then read, that the conversation between Corss and French took place on the bridge between Waterbury and Duxbury. The plaintiffs further proved, that at the time Corss swore he had the conversation with French on the bridge, there was no bridge there : it was not raised until some days after that time.—This he knew, and recollected at the time, but did not call the attention of the witness to it.

Paul Dillingham, Esq., counsel for defendant, stated by consent of plaintiff's counsel, without being sworn, that Mr. justice Wells, after the deposition was taken and sworn to, and after Corss had left town, told him, the said Dillingham, that he thought he had written the deposition wrong,—that Corss said the conversation was *at* the bridge instead of *on* the bridge ; and inquired if there would be any impropriety in altering it so as to have it read that the conversation was *at* the bridge instead of *on* the bridge ; and he, the said Dillingham, told him he thought not ; and said deposition was altered and sealed up by said justice.

The counsel for plaintiffs, upon the proof aforesaid, insisted that

said deposition should be excluded as inadmissible evidence in the case; but the court overruled said objection, and admitted said deposition as proper evidence in the case, and charged the jury that they should take said deposition as it stood before it was ¦altered, and consider that the said Corss had sworn that the conversation between him and French took place *on* the bridge instead of *at* the bridge.

WASHINGTON,<br>March,<br>1836.<br>———<br>WinooskieTurn<br>pike Company<br>vs.<br>Ridley.

The counsel for plaintiffs excepted to the opinion of the court as to the admission of said deposition, and to the charge of the court to the jury in relation to said deposition.

The opinion of the court was delivered by

PHELPS, J.—The deposition of D. Corss was offered in the county court, and objected to, upon the grounnd that it had been altered by the magistrate taking the same, after it had been signed and sworn to, and without the knowledge or assent of the deponent, by erasing the word '*on*' and inserting the word '*at*.' This objection, although well-founded in fact, was overruled by that court, and the deposition admitted. To this decision the plaintiffs excepted.

Depositions are a species of evidence in suits at law altogether unknown to the common law. They are not used inEngland and many of our sister states. They are, moreover, a species of evidence of a most unsatisfactory character, and should always be received with the utmost caution. The legislature have guarded them with great care, and the courts have rigidly enforced all the safeguards which the legislature have established.

The statute requires that they shall be signed by the deponent, as well as sworn to. The object of signing is doubtless to make the deponent responsible for the phraseology of the deposition; for, by signing, he adopts the language as his own. Had the statute required that the magistrate only should sign the paper, the committing the testimony to paper might be considered the act of the magistrate, and the peculiar language used might perhaps be considered as his. In such a case, it might be competent for the magistrate, so long as the paper remained under his control, to correct the phraseology according to his understanding of the purport of the testimony.

But, under the statute, the language of the deposition must be considered as emphatically the language of the witness, and he

WASHINGTON,
March,
1836.

WinooskieTurn
pike Company
vs.
Ridley.

alone is responsible for its correctness. If then a deposition be altered, in a material part, after it is signed and sworn to, it is no longer the thing sworn to, and the witness is no longer responsible for it. He certainly could not be convicted of perjury, if the alteration renders it false ; and thus the legal sanction, upon which thd legal character of the testimony depends, is removed. In short, the paper so altered is no longer the testimony of the witness, and cannot be regarded as such.

But it seems that the court, in this instance, permitted the deposition to go to the jury, accompanied with proof of its original tenor, and instructed them to regard it as evidence, in the terms in which it was originally written. Had the original expression been still legible, there might have been some plausibility in this course. But the writing, in this instance, was wholly obliterated, and its original tenor not discoverable upon inspection of the paper. Parol proof was resorted to, in order to ascertain the testimony of the deponent. The proof was therefore no better than hearsay. The evidence did not consist in the written deposition, signed and sworn to by the witness, with all the forms, and under all the safeguards provided by the statute, but in the testimony of third persons as to what the witness testified before the magistrate.

Another most satisfactory reason for rejecting the evidence, is to be found in the extreme danger of suffering the magistrate thus to tamper with the instrument. Every consideration of general expediency, as connected with the elucidation of truth, and with safety in the administration of justice, forbids it. To admit this evidence would be unsafe in the particular instance, and dangerous in the last degree as a precedent.

It is urged, however, that the alteration in this case is immaterial. It was doubtless considered otherwise by the magistrate who made it, as well as by the attorney of the party with whose concurrence it was done. And, in our opinion, it is so in fact. The word 'on' implies, not only that the bridge was standing, but also that the witness was on it when the conversation testified to took place. If the bridge was not in existence at the time, the circumstance certainly establishes an inaccuracy in the particular of either time or place. How far this might have impaired the credibility of the witness, in the minds of the jury, is not for us to determine. It certainly had such a tendency ; and if so, it was material, whether in a greater or less degree, is unimportant.

Whether an alteration, in no sense material, as a correction of errors in orthography, or grammatical expression, would vitiate the

deposition, is a point not before us, and which we do not decide. But we are all agreed, that an alteration by the magistrate, after the deposition is signed and sworn to, without the assent of the deponent, in a particular in any sense material, is fatal to the evidence.

Judgment of county court reversed, and cause remanded.