ABRAHAM ISRAEL, Appellant, *v.* TILLIE B. ISRAEL, Respondent.

TILLIE B. ISRAEL, Respondent, *v.* ABRAHAM ISRAEL, Appellant.

*Neglect to file a deposition within the required time — when leave to file it nunc pro tunc will be granted.*

An attorney who, through inadvertence, neglects to file the deposition of a witness taken *de bene esse* within the time required by section 880 of the Code of Civil Procedure, should be permitted to file it *nunc pro tunc* upon showing such inadvertence, and that he has paid the referee's and stenographer's fees, especially where it is not suggested that his neglect has injured the other party to the action.

APPEAL by Abraham Israel, the plaintiff in the first above-entitled action, and the defendant in the second above-entitled action, from an order of the Supreme Court in each of said actions, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of September, 1899, denying his motion to file, *nunc pro tunc*, the deposition of a witness taken *de bene esse*.

*John Brooks Leavitt*, for the appellant.

*Moses Weinman*, for the respondent.

McLAUGHLIN. J.:

These actions were brought, the former to procure an absolute divorce, and the latter for a separation.

After issue had been joined in both of them the husband applied for and obtained an order to take the testimony of a witness who was about to leave the State. The testimony of this witness was duly taken and certified by the referee appointed to take it.

The attorney for the husband, through inadvertence, failed to file the deposition in the office of the clerk of the county in which the action was pending within ten days after the same had been certified by the referee, as required by section 880 of the Code of Civil Procedure. He thereupon, upon an affidavit showing such inadvertence, and that he had paid the referee's fees to the amount of sixty dollars, and stenographer's fees to the amount of seventy dollars,

applied to the court for leave to file the same *nunc pro tunc*. No affidavits were read in opposition to the motion, but the learned justice at Special Term denied the motion, upon what ground we are unable to say, since no opinion was rendered by him. We think the motion should have been granted. The attorney for the husband had applied in good faith to take the testimony of the witness who was about to depart from the jurisdiction of the court, had paid the referee's and stenographer's fees, and he ought not to be deprived of the benefit of this testimony — especially since it is not even suggested that the failure to file the deposition within the time specified in the section of the Code referred to, has, or can be, of any injury to the other party to the actions.

It follows that the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.