were. It is not claimed that any other facts would have been shown if the plaintiff had alleged the same more fully in its complaint as originally served, or if it had amended its complaint upon the trial so as to present the whole facts as they appeared.

Our conclusion, therefore, is that the trial court properly decided that the plaintiff could recover upon the printed bonds if, in the absence of such substitution, it could have recovered upon the typewritten ones. The court properly allowed interest upon the $1,000 of principal upon the bond from the time payment thereof was demanded and refused. O'Brien v. Young, 95 N. Y. 429, 47 Am. Rep. 64. The rate of interest before the time fixed for the payment of the principal was governed by the contract itself, but after demand and refusal interest was allowed as damages for breach of the contract, and the rate was not controlled by the contract, but was that fixed by the statute.

The views herein expressed lead to an affirmance of the judgment appealed from, with costs. All concur.

---

(70 App. Div. 303.)

### FAITH v. ULSTER & D. R. CO. (three cases).

(Supreme Court, Appellate Division, Third Department. March 21, 1902.)

DEPOSITIONS—SIGNING—FILING—OPPORTUNITY TO CURE DEFECTS.

> Where a deposition was not filed within 10 days after the taking thereof, and does not show that it was read to the deponent before it was signed by her, it will be suppressed and set aside, but not without giving the party offering it an opportunity to supply the certificate showing that it was so read, and also of explaining to the trial court why it was not filed in proper time.

Appeal from special term, Ulster county.

Actions by William J. Faith in his own right and as administrator for William J. Faith, Jr., and Margaret Watson Faith, against the Ulster & Delaware Railroad Company. From an order refusing to suppress depositions, defendant appeals. Reversed.

Argued before PARKER, C. J., and KELLOGG, EDWARDS, SMITH, CHASE, and FURSMAN, JJ.

Lewis E. Carr, for appellant.

Sumner B. Stiles, for respondent.

CHASE, J. On the 6th day of October, 1900, a collision occurred between the engine of a passenger train on the defendant's road and a wagon drawn by one horse by which the driver of the horse and one William J. Faith, Jr., were killed, and one Margaret Watson Faith was injured. Thereafter William J. Faith, as administrator of William J. Faith, Jr., his son, brought an action against the defendant to recover damages for the death of said William J. Faith, Jr., and alleged that said death was wholly caused by the negligence of the defendant. William J. Faith individually brought an action against the defendant to recover for loss of services of Margaret Watson Faith, his wife, and for medical attendance and services in the care of his

said wife. Margaret Watson Faith also brought an action against the defendant to recover damages for her injuries. Issue was joined in each of these actions, the place of trial being Ulster county. On the 26th day of March, 1901, an order was obtained entitled in the three actions for the examination of said Margaret Watson Faith. Such examination was had in New York City, before a referee, on the 27th day of March, 1901, as provided by said order. On the 29th day of March, 1901, said Margaret Watson Faith died. The action brought by Margaret Watson Faith has abated. Since the death of Margaret Watson Faith said William J. Faith, as her administrator, has brought another action against the defendant to recover damages for her death. On the 29th day of March, 1901, another order was made in regard to using the deposition of Margaret Watson Faith in any action thereafter brought by the husband. It will be sufficient to determine in regard to the effect of that order when an action contemplated by such order is commenced. The report of the referee and the original minutes of the examination of Margaret Watson Faith were filed in the clerk's office of the county of New York on the 2d day of April, 1901. On the 15th day of April, 1901, plaintiffs, by an order of the court, removed said report and minutes from the files in New York county, but they were not filed with the clerk of Ulster county until May 25, 1901. On the 7th day of December, 1901, the defendant moved at special term to suppress and set aside said deposition. Such motion was made on affidavits, and also on all the papers and proceedings in the actions. The defendant urged various grounds for suppressing and setting aside the deposition, but the motion was denied, and from the order denying the motion this appeal is taken.

It does not appear that the deposition was read to the person examined before it was subscribed by her, and it was not filed in the office of the clerk of Ulster county until about two months after it was taken and subscribed. The statutory provision in regard to reading a deposition to the person examined after the same is completed, and also in regard to filing the same within 10 days, cannot be disregarded. Depositions are taken apart from the court and jury before whom the same are to be used, and by whom the evidence contained therein is to be weighed. Great care should be exercised in taking the evidence, and every reasonable precaution should be taken to see that the person examined fully understands and appreciates the deposition before the same is subscribed. The serious illness and extreme weakness of the person examined in this case emphasizes the necessity of holding that the language of the statute in regard to the manner of taking and certifying a deposition is mandatory. When a deposition has been taken, it may be used by either party. Each party, therefore, has an interest in having it filed in the proper clerk's office. Delay in filing a deposition subjects it to additional danger of being altered, mutilated, or destroyed. If a deposition can be retained by one party for nearly two months after it has been taken, it might result in seriously interfering with the conduct of the case, or perhaps wholly prevent its use as evidence on the trial. The plaintiffs assert that the deposition was read to the person examined before it was subscribed by her, and that a certificate can be obtained showing compliance with the statute, and

that they can satisfactorily explain the failure to have the referee make the required certificate, and also the failure. to file the deposition as also required by the statute. Whether. the plaintiffs can explain the failure to comply with the statute sufficiently to obtain an order to file a. new certificate and the deposition as signed nunc pro tunc, must be left to be determined by the court at special term.

Order reversed, with $10 costs and disbursements. The. motion to suppress and set aside the deposition granted, with $10 costs, unless the plaintiffs, within 30 days from the entry and service of this order, obtain a certificate from the referee before whom the deposition was taken showing that the same, when completed, was carefully read to and subscribed by the person examined, and also obtain and enter an order from the special term upon notice allowing such certificate and the deposition as filed to be filed with the clerk of Ulster county nunc pro tunc and as of a day within 10 days after March 27, 1901, and actually so file such certificate and deposition. This order shall not be construed as in any way interfering with the discretion of the special term in any question presented on the application for relief herein. All concur.