(74 App. Div. 140.)

### HARTWIG v. AMERICAN MALTING CO.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. CONTRACTS BY CORRESPONDENCE—SUFFICIENCY OF EVIDENCE.

Plaintiff notified defendants by letter that he was hard pressed for certain barley he had purchased from them, and which had not been delivered. Defendants replied that barley had gone up so high that it could not be purchased at the price agreed to be paid by plaintiff, and suggested that it would be best for both parties for defendants to remit plaintiff the profit he would have made (plaintiff having agreed to sell it to a customer), if the amount of such profit was small. Plaintiff replied that he could not release defendants unless they made good to him the difference between the purchase and sale price. Defendants replied that as plaintiff gave them the choice of delivering the barley, or of paying his net profit on his resale thereof, they had decided to do the latter, and promised to remit such amount when plaintiff notified them, under confirmation of his customer, what it would be. Plaintiff replied by sending a copy of his contract with his customer, and requested immediate remittance. *Held* sufficient to establish a contract to pay plaintiff the net profit of the resale.

2. SAME—VALIDITY—LIQUIDATED DAMAGES.

The contract was binding as being a contract for the payment of liquidated damages.

3. SAME—SUFFICIENCY OF CONSIDERATION.

The contract was supported by a sufficient consideration.

4. DEPOSITIONS—MOTION TO SUPPRESS—LACHES.

Failure to object to depositions taken under a commission, on account of irregularities in the taking thereof, until after a motion to place the case on the short-cause calendar had been granted, was such laches as justified the trial court in refusing to suppress the depositions.

Appeal from trial term, New York county.

Action by Frederick Hartwig against the American Malting Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Graham Sumner, for appellant.
Rudolph Loreck, for respondent.

PATTERSON, J. On the trial of this action a verdict was directed for the plaintiff, and from the judgment entered upon that ver-

¶ 4. See Depositions, vol. 16, Cent. Dig. § 223.

dict, and from an order denying a motion for a new trial, the defendant appeals. The action was brought to recover a sum of money which it is alleged in the complaint the defendant agreed to pay to the plaintiff as the consideration for the cancellation by the plaintiff of a contract made by the defendant with him, by which the latter was to sell certain merchandise to the former, and deliver it within a period fixed by the contract. It is alleged in the complaint that on the 28th of August, 1899, the defendant contracted in writing to sell to the plaintiff 10,000 bushels of barley at 48 cents a bushel, free on board, New York; deliverey to be made within three weeks after the 28th of August, 1899; that the defendant failed to keep the agreement and to make delivery of the 10,000 bushels of barley; that, as a consequence of such failure of the defendant to carry out the agreement, the plaintiff sustained damage, and on the 18th of December, 1899, the defendant and the plaintiff agreed to fix the amount of damages sustained by the plaintiff at a sum equal to the amount of the net profits which the plaintiff would have derived from a subsequent sale he had made of the 10,000 bushels of barley to third persons, if the defendant had performed its contract; and it is further alleged that in consideration of the plaintiff's agreeing to release the defendant from any further obligation under the contract of August 28, 1899, and to cancel such contract, the defendant would pay to the plaintiff the amount of the net profits above referred to as soon as notification would be made to it of the exact amount thereof, and that subsequently the plaintiff notified the defendant of the exact amount, which was the sum of $1,742.40, and that the defendant has neglected and refused to pay that sum. The answer of the defendant admits the making of the contract of August 28, 1899, and it admits that it never delivered any barley pursuant to that contract, which is an admission of failure of performance of the contract. The allegations of the complaint relating to the making of an agreement to pay a specific sum, when ascertained, as a consideration for the plaintiff's releasing the defendant from and canceling the contract, are put in issue by the answer.

The only real question arising on this appeal from the judgment is whether a contract was made as alleged in the complaint. If that contract were made under the circumstances alleged in the complaint, there was an ample consideration to support it. All the negotiations between the parties respecting the subject-matter of the action were by correspondence, and it is by that correspondence that the contract must be established. The letters passing between the parties show not only that the contract was made, but that the proposition emanated from the defendant, and the contract was made upon a state of facts conceded by the defendant in that correspondence, and, being so conceded, did not require independent proof on the trial of the cause. The correspondence shows that the barley which the defendant had contracted to deliver to the plaintiff had not been shipped up to the 17th of October, 1899, when the plaintiff notified the defendant that he was being hard pressed to deliver the 10,000 bushels; and on the 10th of November, 1899, the

plaintiff wrote to the defendant that he had got into great diffi-
culties about the 10,000 bushels, and requested the defendant to ship
the barley at once. That letter was answered by the defendant's
officer or agent on the 21st of November, and the writer expresses
his regret at the delay in the shipment of the 10,000 bushels, and
then goes on to state that he thought he would have been able to
ship before, but that there suddenly arose such a demand for barley
for export that they could not buy at 48 cents, which was the price
at which the defendant agreed to sell to the plaintiff. The writer
then proceeds further to say that they had held back buying for
so long a time in the hope to finally get the barley at their price.
The letter then continues as follows:

"Perhaps you and we would be served best if we remit to you the profit
which you have made on the sale of the barley, if the amount is small.
Perhaps your customers will release you from your contract; then you would
have neither difficulty with the bags, for which we have to charge extra.
A speedy reply request."

Here it is obvious that the proposition was made by the defend-
ant for a settlement of this contract, and the proposition was made
in view of the fact that the defendant knew that the plaintiff had
entered into a contract for a resale of the barley to other persons.
On December 5th the plaintiff wrote to the defendant again concern-
ing the barley, and in his letter stated:

"There can be no doubt that you sold us the barley, and we have sold
same to a malting concern at mark 15.80 per 100 kilo, c. i. f. Dusseldorf.
We put at your disposal the confirmation of this from the malting concern.
* * * Under these circumstances, we cannot release you from your con-
tract unless you make good to us the difference between the purchase and
sales price. Only in this way we will be put into a position to be released
of our contract to take the malt from that malting concern."

To this letter of December 5th the defendant, through its agent,
replied as follows:

"We are in receipt of your favor of the 5th instant. As you give us the
choice either to ship you 10,000 bushels. 2-rowed barley, or to make good to
you the difference between the purchase and sales price, after deducting
freight, duties, and other expenses, we have decided to do the latter; and
we request you to notify us of your net profit on the transaction, under
confirmation of the purchaser, as you proposed. We will then immediately
remit to you the amount. * * * Requesting an immediate reply, we re-
main," etc.

On the 31st of December the plaintiff wrote the defendant, in-
closing a copy of the contract with the party who had contracted with
them, and in the letter stated:

"You will learn from it all that is material,—particularly that the dif-
ference which we noted between the purchase and sales price is perfectly
correct. We request, therefor, an immediate remittance of the amount
mentioned, so that we can settle with the party who bought from us."

From this correspondence it results that the contract set forth in
the complaint was entered into between the plaintiff and the de-
fendant. It was a binding contract. The amount of loss to the
plaintiff occasioned by the failure of the defendant to perform its
contract was liquidated, and the legal effect of the correspondence

was that the plaintiff discharged the defendant from the contract in consideration of its promise to pay that liquidated amount, fixed upon with full knowledge of the defendant of all the circumstances of the case.

The testimony of witnesses was taken in Germany upon commission. The defendant, contending that certain irregularities which affected the proper execution of that commission existed, made a motion at the special term to suppress the commission, which motion was denied. No appeal was taken directly from that order, but in the notice of appeal from the judgment it is stated that the appellant will bring up for review the intermediate order of the court denying the defendant's motion to suppress the depositions. Without considering the question as to an appeal lying from this order at this time and in this form, it is sufficient to say that the court at special term was fully justified in denying that motion because of the laches of the defendant in making it. The commission was returned and filed in the office of the clerk of the county of New York on the 30th of August, 1901, when the plaintiff made a motion to put the case on the short-cause calender, which motion was granted; and it was not until after that motion was granted, and the case was likely to appear on the calendar for trial at an early day, that the defendant moved to suppress the commission.

The judgment and order appealed from should be affirmed, with costs. All concur.