(63 Misc. Rep. 51.)

## LOWTHER v. SULLIVAN.

(City Court of New York, Special Term. March, 1909.)

DEPOSITIONS (§ 79*)—TIME OF FILING—NUNC PRO TUNC.
  Where plaintiff has acted in good faith and has failed to file a deposition with the clerk within 10 days, as required by Code Civ. Proc. § 880, requiring that depositions taken upon examination of a party before trial must be read to and subscribed by the person examined, identified by the judge, and within 10 days thereafter filed in the office of the clerk, together with the affidavit and order upon which it was taken and the proof of service thereof, the deposition may be filed nunc pro tunc only where it was properly taken and certified to; and where the judge failed to certify

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the deposition was read over to defendant, and it was not subscribed to by defendant and certified by the judge taking it, a motion for permission to have it certified and filed nunc pro tunc will be denied.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 204; Dec. Dig. § 79.*]

Action by Clarence L. Lowther against James E. Sullivan. On motion by plaintiff for permission to file nunc pro tunc a deposition taken on examination of defendant before trial, and on cross-motion by defendants to suppress. Motion denied, and cross-motion granted.

See, also, 107 N. Y. Supp. 198.

L. E. Warren, for the motion.
William Klein, opposed.

FINELITE, J. These are cross-motions. The plaintiff moves herein why an order should not be made allowing him to file with the clerk of this court nunc pro tunc a certain affidavit verified on the 27th of May, 1907, the order, dated May 28, 1907, granted by one of the justices of this court upon such affidavit, which order directed the defendant to appear before said justice, to be examined at Special Term, chambers thereof, at the courthouse, on the 4th day of June, 1907, pursuant to the provisions of article 1, tit. 3, c. 9, of the Code of Civil Procedure, together with the examination taken in writing on the 14th of June, 1907, before one of the other justices of said court, pursuant to said order, as if the same were filed within 10 days after the same was completed, as provided by section 880 of the Code of Civil Procedure. In pursuance of said order the deposition of said defendant was taken in open court, before one of the justices thereof, but said plaintiff failed to comply with section 880 of the Code of Civil Procedure, which reads as follows:

"Examination of a party or an expected party is subjected to the same rules as if he was examined upon the trial. * * * The deposition, when completed, must be carefully read to and subscribed by the person examined, must be certified by the judge taking it, and within ten days thereafter must be filed in the office of the clerk, * * * together with the stipulation or order under which it was taken, the affidavit upon which the order was granted and proof of the service of a copy of the order and of the affidavit."

The plaintiff failed to comply with the section just quoted, and states that through the inadvertence of the attorney for the plaintiff the order and deposition and other papers necessary to be filed with the clerk were omitted to be filed with the clerk of this court in which this action is pending. The defendant on his cross-motion moves to suppress the deposition of the defendant on the grounds, first, that the same was not filed within 10 days after taking thereof; second, that from the deposition it appears that the court failed to certify that it was read over to the said witness; third, upon the ground that said deposition does not show that the same was subscribed by the person and certified by the judge taking same.

Where the plaintiff has acted in good faith and has failed to file the deposition with the clerk of this court within 10 days, as prescribed by

section 880 of the Code of Civil Procedure, and where the deposition had been properly taken and certified to, the court may allow the deposition to be filed nunc pro tunc. Israel v. Israel, 46 App. Div. 89, 61 N. Y. Supp. 328. The judge before whom the deposition was taken failed to certify that the deposition was read over to the defendant, and it fails to show that the deposition was subscribed by the person and certified by the judge taking the same. In Faith, as Adm'r, etc., v. Ulster & Delaware R. R., 70 App. Div. 303, 305, 75 N. Y. Supp. 420, 421, Chase, J., writing the opinion, says:

"It does not appear that the deposition was read to the person examined before it was subscribed by her, and it was not filed in the office of the clerk until two months after it was taken and subscribed. The statutory provision (Code Civ. Proc. § 880) in regard to reading a deposition to the person examined after same is completed, and also in regard to filing the same within 10 days, cannot be disregarded. Depositions are taken apart from the court and jury, before whom the same are to be used and by whom the evidence contained therein is to be weighed. Great care should be ex-exercised in taking the evidence, and every reasonable precaution should be taken to see that the person examined fully understands and appreciates the deposition before the same is subscribed."

In Foster v. Bullock, 12 Hun, 200, it was held:

"A deposition shall be carefully read to and subscribed by such witness, and shall be certified by the officer taking the same. The certificate must state that the deposition had been read to the witness and subscribed by him, and such reading must take place in the presence, or at least under the general supervision, of the officer taking the same, and must be subscribed in his presence." McDonald v. Garrison, 18 How. Prac. 249.

The motion to be allowed to obtain the certificate of the judge before whom the said deposition was taken, and that same shall then be filed nunc pro tunc, is denied, and the motion to suppress the deposition is granted. Settle order on one day's notice.