Anna McNally, Inc., Appellant, Respondent, *v.* William W. Chapin, Respondent, Appellant.

First Department, July 1, 1921.

Depositions — deposition for plaintiff taken without State not signed by witness and filed without notice one year after examination — motion to suppress within one month thereafter withdrawn by consent and presented to trial justice — deposition admitted on trial — on retrial after disagreement question as to admissibility of deposition was before court — defendant not guilty of laches in moving to suppress deposition — deposition not admissible because not signed by witness as required by Code of Civil Procedure, § 901, subd. 2.

In an action to recover for clothing alleged to have been sold to the defendant's former wife it appeared that the deposition of the wife was taken without the State on the application of the plaintiff; that the witness did not sign the deposition which, together with the certificate of the commissioner to the effect that he could not procure the signature, was

filed about one year after the examination and without notice to the defendant's attorney; that within one month thereafter the defendant's attorney moved to have the deposition suppressed on the ground that it was not executed in accordance with the statute; that said motion was withdrawn on consent and presented to the justice at the trial of the case; that the deposition was admitted over objection of defendant's counsel; that the first trial resulted in a disagreement and on a retrial the justice refused to consider the motion to suppress the deposition on the ground that it had been decided by the former trial justice and also because the application made by the defendant showed on its face that defendant's counsel was guilty of laches in making the same.

*Held,* that the question as to whether the deposition was properly executed and admissible in evidence was before the trial justice on the retrial, who had the power to dispose of it upon appropriate objections made, regardless of the acts of the judge presiding at the previous trial, since the motion originally made at Special Term was withdrawn upon consent and the entire question was submitted to the trial court to be disposed of at the trial and there was no order entered upon the trial court's ruling on the first trial denying the motion to suppress and overruling the objections to the admission of the deposition.

The trial court erred in holding that the defendant's counsel was guilty of laches in moving to have the deposition suppressed.

The deposition was not admissible in evidence since there was not a compliance with the provision of subdivision 2 of section 901 of the Code of Civil Procedure that after the deposition " has been carefully read, to or by the witness, it must be subscribed by the witness."

CROSS-APPEALS from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of June, 1920, upon the verdict of a jury.

Appeal by the plaintiff, Anna McNally, Inc., from an order, entered in said clerk's office on the 2d day of June, 1920, denying plaintiff's motion to set aside the verdict and for a new trial made upon the minutes.

*Arthur B. Hyman* of counsel [*Julian T. Abeles* with him on the brief; *Paskus, Gordon & Hyman,* attorneys], for the plaintiff.

*Elbridge L. Adams* of counsel, for the defendant.

GREENBAUM, J.:

The action was brought to recover the sum of $7,487.70, the reasonable value and agreed price of dresses and other

wearing apparel alleged to have been sold and delivered to the former wife of the defendant by plaintiff and Anna McNally, its predecessor in business, between the 20th of July and the 25th of November, 1916.

The defendant's answer sets up the defense that the goods so sold and delivered were not necessaries; that they were furnished solely on the credit of his wife; that she had an allowance sufficient to supply her needs, considering the means and station in life of the defendant, and that after the 20th of September, 1916, defendant gave notice to the plaintiff that he would not be responsible for any debts contracted by his wife thereafter. The defendant's appeal is based upon the ground that the court erred in receiving a deposition of his former wife taken in behalf of plaintiff at San Francisco, Cal. Plaintiff appeals because of asserted errors in the charge of the learned court and its rulings upon the admission of evidence and upon the ground that the verdict was the result of a compromise.

In support of its case the plaintiff was permitted to read in evidence, over the objection of defendant, the afore-mentioned deposition under the following circumstances: It was taken upon interrogatories annexed to a commission dated November 14, 1918, issued to a notary public in and for the county and city of San Francisco, State of California. The certificate of the commissioner, dated March 11, 1920, which was attached to the commission, upon its return states that the witness appeared before him on the 11th day of February, 1919, at his office and that after being sworn " did depose to the matters contained in the foregoing deposition," but that the witness did not subscribe to the deposition, nor indorse the exhibits annexed thereto, although he knows that the answers therein are true of his own knowledge. His certificate also states: " She left my office after the taking of the said deposition, advising me that she would return the following day, after the same had been transcribed by the stenographer, for the purpose of signing the same. She did not return to my office on the following day or thereafter, and although I have kept the deposition for a great length of time and diligently endeavored in every manner to locate the said witness by going to her last known place of residence in this city,

and making inquiries of her through various persons with whom she was acquainted, I was nevertheless unable to locate her and have not since been able to locate her and have been advised that she is no longer in the State of California or in the United States, but is in Europe. Wherefore, I have been obliged to return the commission with this deposition annexed thereto unsubscribed by the witness."

The commission was not filed in the office of the clerk of New York county until the 24th of March, 1920, which was upwards of thirteen months after the witness appeared for examination in San Francisco. After learning quite accidentally that the commission had been filed, defendant's counsel made a motion dated April 12, 1920, to suppress it on the ground that it had not been executed in accordance with the statute.

Upon the return day of the motion the justice holding Special Term, with the consent of both parties directed that the motion be withdrawn and presented to the justice of the Trial Term, it having been stated that the cause would be shortly called for trial during the April term of the court. The case came on for trial on April twenty-first, and the learned justice then presiding permitted the deposition to be read over the objection of defendant's counsel, with the instruction to the jury that they were to take into consideration the fact that " after it was written out it was not read over to the witness and that it was not signed by the witness." The result of this trial was a disagreement. The cause reappeared on the day calendar before another trial justice, who held that he would not consider the motion to suppress because that had been decided by the former trial justice and also because the application made by the defendant showed upon its face that defendant's counsel was guilty of laches in making the same. The record, however, shows that the motion originally made at Special Term was withdrawn upon consent and the entire question was submitted to the trial court to be disposed of upon the trial. There was no order ever entered upon the trial court's ruling denying the motion to suppress and overruling the objection to the admission of the deposition.

The question as to whether the deposition was properly

executed and admissible in evidence was before the trial justice who had the power to dispose of it upon appropriate objections made, regardless of the action of the justice presiding at a previous trial.

We think that the learned court erred in holding that the defendant's counsel was guilty of laches. It appears that both parties recognized that the deposition was incomplete. It also appears that six or eight months before the trial the plaintiff made a motion for the issuance of a new commission, which was granted, but it was never taken. Defendant's counsel was lulled into the belief that the incomplete deposition would not be filed. He quite naturally was surprised to learn that the deposition which was taken in February, 1919, was filed on March 24, 1920, without any notice being given to him thereof.

The question, therefore, was squarely before the trial justice as to whether the deposition was entitled to be read in evidence. Subdivision 2 of section 901 of the Code of Civil Procedure provides with reference to depositions taken outside of the State that a person to whom a commission is directed " must reduce the examination of each witness to writing, or cause it to be reduced to writing, by a disinterested person. After it has been carefully read, to or by the witness, it must be subscribed by the witness." Concededly, there was no compliance with the statute.

It has repeatedly been held in this State that the failure of a witness to read or subscribe his deposition after it has been reduced to writing necessitates its rejection upon objection made. (13 Cyc. 939; 18 C. J. § 239; *Faith* v. *Ulster & Delaware R. R. Co.*, 70 App. Div. 303; *Foster* v. *Bullock*, 12 Hun, 200; *Lowther* v. *Sullivan*, 63 Misc. Rep. 51.) The same rule has been recognized in other jurisdictions. (*Winooskie Turnpike Co.* v. *Ridley*, 8 Vt. 404; *Zehner* v. *Lehigh Coal, etc., Co.*, 187 Penn. St. 487, in which the court emphasized the importance of strict observance of such requirements; *Arnold* v. *Kearney*, 29 Fed. Rep. 820; *Bell* v. *Chambers*, 38 Ala. 660.)

Plaintiff's counsel cites a number of cases promulgated over a century ago, such as *Moulson* v. *Hargrave* (1 S. & R. [Penn. 1814] 201); *Graham* v. *Hackwith* (8 Ky. [1 A. K. Marsh.] 423) and *Mobley* v. *Hamit* (Id. 590) (both in 1819), in which

the courts held contrary to the later rulings. There was nothing to indicate in these cases that any statute governing the taking of depositions then existed.

In other cases cited by the plaintiff's counsel it appears that there was no statute requiring the signature of the witness to the deposition. (*Brinkley* v. *Bell,* 131 Ga. 226; 62 S. E. Rep. 67.)

The objection was not a mere irregularity. It was based upon a matter of substance which was important to the defendant. In a number of the above-cited cases the courts have observed that they cannot be too careful in surrounding the taking of depositions with all the safeguards and solemnities which may tend to insure their truthfulness and authenticity.

Since we are constrained to reverse the judgment upon defendant's appeal, it is unnecessary to consider the appeal of the plaintiff. The judgment and order are reversed and a new trial ordered, without costs to either party.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Judgment and order reversed and new trial ordered, without costs to either party.