Harry Bakal, Plaintiff, *v.* S. Rosenfelder & Son, Inc.,
Defendant.

City Court of New York, Bronx County, May 24, 1933.

*George R. Bregman,* for the plaintiff.

*Jacob Landau,* for the defendant.

Donnelly, J. The action is brought to recover the purchase price paid in advance of certain goods, wares and merchandise which it is claimed the defendant failed to deliver. The cause is set for trial on the commercial calendar of this court June 6, 1933. A motion is now made by the defendant to suppress the depositions taken of certain witnesses, upon the grounds (1) that the depositions were not read to the witnesses before they subscribed them, pursuant to rule 129 of the Rules of Civil Practice, and (2) that the depositions were not filed with the clerk of this court within ten days after their completion, pursuant to rule 132 of the Rules of Civil Practice. The witnesses examined were Adolph Marmorstein, whose examination was begun and completed July 7, 1931; Gustav Adolph Rosenfelder, whose examination was begun on July 7, 1931, and completed on the adjourned date, January 17, 1932; Henry Sandig, whose examination was begun and completed January 25, 1933. At each of these examinations the defendant was represented by the attorney for the defendant movant herein.

None of these witnesses is now within this court's jurisdiction. The witness Adolph Marmorstein resides in Germany. His deposition was taken during a visit made by him to New York city. It was he who, on behalf of the plaintiff's assignor, demanded delivery of the merchandise in Leipsig, Germany. He was examined by the defendant's attorney and at the close of his examination it was stipulated that his deposition be taken before a notary public with the same force and effect as though taken before a justice of this court. No demand appears to have been made by the defendant movant's attorney that the depositions be read to any of the witnesses before they were verified. Nor is there even a suggestion that any of the answers appearing in any of the depositions have been inaccurately transcribed. As a matter of fact, the attorney himself acted as the scribe in Marmorstein's examination, so far, at least, as the questions he addressed to Marmorstein and the answers thereto are concerned. It appears without contradiction that for about a year and a half after the examination of Gustav A. Rosenfelder, the defendant defaulted on several occasions and that one or more motions were made to strike out his answer, until finally this witness appeared and completed his examination on January 17, 1932. It also appears that copies of the examinations were served upon the defendant movant. This motion is not made in good faith. Justice and authority require that it be denied. (*Peck* v. *Klepfel*, 137 Misc. 274, citing, among other cases, *Hartwig* v. *American Malting Co.*, 74 App. Div. 140, 144.) In the *Hartwig* case the court said: " The testimony of witnesses was taken in Germany upon commission. The defendant, contending that certain irregularities which affected the proper execution of that commission existed, made a motion at the Special Term to suppress the commission, which motion was denied. No appeal was taken directly from that order; but in the notice of appeal from the judgment it is stated that the appellant will bring up for review the intermediate order of the court denying the defendant's motion to suppress the depositions. Without considering the question as to an appeal lying from this order at this time and in this form, it is sufficient to say that the court at Special Term was fully justified in denying that motion because of the *laches* of the defendant in making it. The commission was returned and filed in the office of the clerk of the county of New York on the 30th of August, 1901, when the plaintiff made a motion to put the case on the short cause calendar, which motion was granted, and it was not until after that motion was granted and the case was likely to appear on the calendar for trial at an early day that the defendant moved to suppress the commission."

*Mc Nally, Inc.,* v. *Chapin* (197 App. Div. 792, 796) does not avail the movant. In that case the deposition was taken in California upon written interrogatories. The witness did not sign the deposition. In the *Mc Nally* case three authorities are cited in support of the proposition that " It has repeatedly been held in this State that the failure of a witness to read or subscribe his deposition after it has been reduced to writing necessitates its rejection upon objection made. (* * * *Faith* v. *Ulster & Delaware R. R. Co.,* 70 App. Div. 303; *Foster* v. *Bullock,* 12 Hun, 200; *Lowther* v. *Sullivan,* 63 Misc. 51.) " In *Faith* v. *Ulster & Delaware R. R. Co.* (*supra*) the court (at p. 305) said: " Great care should be exercised in taking the evidence, and every reasonable precaution should be taken to see that the person examined fully understands and appreciates the deposition before the same is subscribed. The serious illness and extreme weakness of the person examined in this case emphasizes the necessity of holding that the language of the statute in regard to the manner of taking and certifying a deposition is mandatory." In *Lowther* v. *Sullivan* (*supra*) the court (at p. 53) said: " Where the plaintiff has acted in good faith and has failed to file the deposition with the clerk of this court within ten days * * * and where the deposition had been properly taken and certified to, the court may allow the deposition to be filed *nunc pro tunc.* (*Israel* v. *Israel,* 46 App. Div. 89.) " In the case last cited it was said: " he ought not to be deprived of the benefit of this testimony — especially since it is not even suggested that the failure to file the deposition within the time specified * * * has, or can be, of any injury to the other party to the actions."

Motion denied, with ten dollars costs. Order filed.